GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY            5860-0
   esaffery@goodsill.com
REGAN M. IWAO                7446-0
   riwao@goodsill.com
SCOTT K.D. SHISHIDO          9402-0
   sshishido@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
PNC BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE FERGERSTROM, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>  vs.<br><br>PNC BANK, N.A., a national banking association; DEREK W.C. WONG; and DOE DEFENDANTS 1-50,<br><br>            Defendants. | CIVIL NO.  13-00526 DKW/RLP<br><br><br>DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION TO STAY PENDING APPEAL OF RELATED CASES OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME; CERTIFICATE OF SERVICE |

4583108.1

## MOTION TO STAY PENDING APPEAL OF RELATED CASES OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME

PNC Bank, National Association ("PNC") moves to stay this case pending appeal of related cases in the Ninth Circuit. In further support of this motion, PNC states as follows:

1. By this motion, PNC seeks to stay this suit pending resolution of related appeals in *Gibo v. U.S. Bank N.A.* (9th Cir., No. 13-16092); *Lima v. Deutsche Bank National Trust Company* (9th Cir., No. 13-16091); and *Bald v. Wells Fargo Bank, N.A.* (9th Cir., No. 13-16622). At least a half-dozen lawsuits have been filed by Plaintiff's counsel or others alleging essentially virtually the same theory of recovery (see list below) (the "Related Cases").

2. Chief Judge Mollway has already dismissed three of the Related Cases, and Judge Watson has ordered a stay of two more pending the plaintiff's appeal of the dismissals to the Ninth Circuit. If the Ninth Circuit affirms, both this and the Related Cases will be resolved. Moreover, even if some portion of Plaintiff's claim survives, in the interest of judicial economy, and to ensure consistent rulings in the various cases, this case should also be stayed pending the Ninth Circuit's rulings for the reasons more fully explained below.

3. If the Court denies a stay, PNC respectfully requests fourteen (14) days after the entry of the order to file its responsive pleading.

## BACKGROUND

4. On September 9, 2013, Plaintiff Wayne Fergerstrom filed a putative Class Action Complaint ("Complaint") against PNC and Derek Wong in the Circuit Court of the First Circuit of Hawaii. [DE 1], Exhibit A.

5. On October 10, 2013, PNC removed this action to this Court. [DE 1].

6. On October 15, 2013, PNC filed a Motion for Extension of Time requesting until November 7, 2013, to file its responsive pleading. [DE 6]. PNC indicated in its Motion that it would evaluate whether to seek a stay in this case in light of the Court's consideration of a stay in two of the Related Cases, due to pending Ninth Circuit appeals in several other related cases. [DE 6] at ¶ 11.

7. While the Related Cases have minor procedural and substantive differences, all are based on the same core theory. The plaintiffs in these Related Cases, and Plaintiff here, allege that mortgage servicers engaged in deceptive practices under Hawaii Revised Statutes ("H.R.S.") § 667-5 by causing properties foreclosed non-judicially to sell for less at public auctions through (a) advertising the properties for sale only on a quitclaim basis, even though buyers sometimes received limited warranty deeds, and (b) postponing sales without re-publishing the new sale date in the same manner the first sale date had been published. *See, e.g.*, Complaint at ¶ 9(a-c).

8. The Related Cases,[1] all alleging these same basic theories of recovery against mortgage servicers and their attorneys who foreclosed non-judicially are as follows:

**Federal Court**

*Gibo v. U.S. Bank National Association et al.*, No. 1:12-cv-00514-SOM-RLP (defendants' motion to dismiss granted in its entirety; on appeal to Ninth Circuit No. 13-16092);

*Lima v. Deutsche Bank National Trust Company et al.*, No. 1:12-cv-00509-SOM-RLP (defendants' motion to dismiss granted in its entirety; on appeal to Ninth Circuit No. 13-16091);

*Bald v. Wells Fargo Bank, N.A. et al.*, No. 1:13-cv-00135-SOM-KSC (defendants' motion to dismiss granted in its entirety; on appeal to Ninth Circuit No. 13-16622);

*Ilar v. Routh Crabtree Olsen P.C. et al.*, No. 1:13-cv-00145-DKW-BMK (Court granted stay and administratively closed case pending Ninth Circuit appeals, DE 52); and

*Degamo v. Bank of America, N.A. et al.*, No. 1:13-cv-00141-DKW-BMK (Court granted stay and administratively closed case pending Ninth Circuit appeals, DE 50).

**Hawaii State Court**

*Ilar v. Lava Rock Properties LLC et al.*, pending in Hawaii state court, No. 11-1-003091 (in mediation); and

*Sigwart v. Rosen*, Hawaii state court, No. 13-1-002097 (brought only against attorney and dismissed because attorney does not owe non-statutory duties to borrowers, appeal to ICA pending).

---

[1] There may be other cases. These are the cases presently known to counsel for PNC.

9. As noted above, *Lima*, *Gibo*, and *Bald* were all dismissed in their entirety by Chief Judge Mollway. It is the dismissal of these cases that the plaintiffs challenge on appeal. Therefore, the issue on appeal before the Ninth Circuit is whether Plaintiff's basic theory is viable as a matter of law. *See, e.g.*, *Gibo*, Plaintiff's Opening Brief to Ninth Circuit, No. 13-16092, DE 13-1.

10. Plaintiff's counsel, Mr. Bickerton, acknowledges the various cases "are related because they raise the same or closely related issues." *Gibo*, Plaintiff's Opening Brief to Ninth Circuit, No. 13-16092, DE 13-1 at 57 (disclosing other cases as related).

11. Because the various cases all derive from the same basic legal theories, on October 17, 2013, this Court ordered that the other two federal cases, *Ilar* and *Degamo*, be stayed pending resolution of the Ninth Circuit appeals in *Lima*, *Gibo*, and *Bald*. *See Ilar*, DE 52; *DeGamo*, DE 50.

12. PNC has evaluated *Ilar* and *Degamo* and has determined a stay would also be appropriate here for the same reasons the Court stayed those cases.

## ARGUMENT

13. This Court should stay this matter, like it did *Ilar* and *Degamo*, because the Plaintiff's allegations here bear on the same issues as the allegations in those cases. Moreover, the resolution of the Ninth Circuit appeals may dispose of this case entirely if Chief Judge Mollway's rulings granting the defendants'

motions to dismiss are broadly affirmed. Even if the Ninth Circuit reverses in part, and allows any part of Plaintiff's claims to survive, the ruling will undoubtedly clarify the issues to remain in the case, and thus serve judicial economy.

14. "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683, 117 S. Ct. 1636, 1639, 137 L. Ed. 2d 945 (1997).

15. A stay may be granted pending the outcome of other legal proceedings related to the case. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id. See also Pesticide Action Network N. Am. v. EPA*, No. 08-cv-1814, 2008 WL 5130405,*9, 2008 U.S. Dist. LEXIS 98572, *26-*27 (N.D. Cal. Dec. 5, 2008) (staying case where Ninth Circuit's decision in a related matter would likely "bear on" the plaintiffs' claims); *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08-cv-1521 AJB (WVG), 2013 WL 4716202, *2, 2013 U.S. Dist. LEXIS 125652, *9 (S.D. Cal. Sept. 3, 2013) (discretion to stay "is appropriately used when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented.").

16. To determine whether a stay is appropriate, a court should weigh the competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). *See also Rojsza v. City of Ferndale*, C12-2152 MJP, 2013 WL 4505802, *3, 2013 U.S. Dist. LEXIS 119674, *8-*10 (W.D. Wash. Aug. 22, 2013) (applying factors in granting stay).

17. Here, all of these factors support a stay. Plaintiff will not suffer any hardship from awaiting the Ninth Circuit's ruling as to whether Plaintiff's theory is even viable. Plaintiff is requesting solely damages for past alleged conduct and declaratory relief voiding completed foreclosure sales. Plaintiff does *not* seek injunctive relief to prevent any future foreclosure sales. *See* Complaint, [DE 1], Exhibit A at 25-26 (Prayer for Relief). Therefore, Plaintiff will not suffer harm from a stay. *See Rojsza*, 2013 WL 4505802 at *3, 2013 U.S. Dist. LEXIS 119674 at *8-*10 ("There is no hardship for Plaintiffs if a stay is granted because they are only seeking damages and attorneys fees.").

18. On the other hand, PNC would suffer substantial hardship if the case is not stayed. Every federal court to consider Plaintiff's theory has rejected it. It would be inequitable to require PNC to engage in the defense of this case when the Ninth Circuit is considering whether Plaintiff's theory is even viable as a matter of law. *See id.* ("Defendants will suffer hardship if required to go forward by having to engage in potentially duplicative, unnecessary, or inconsistent litigation.").

19. Finally, a Ninth Circuit ruling, even one favorable to Plaintiff, will resolve questions of law and thus simplify the discovery needed in this case. *See id.* ("Both parties will benefit from a stay, because it will simplify and expedite proceedings in this Court."). And, of course, the Ninth Circuit may affirm the dismissals and dispose of this entire case.

20. No public interest is implicated by Plaintiff's claims because the Hawaii legislature essentially abolished non-judicial foreclosure in 2011. *See* S.B. 651, Act 48 (Haw. 2011). New foreclosures in Hawaii are all proceeding judicially. All of the proposed putative class members have already been subject to non-judicial foreclosure sales, in some cases *more than four years ago*. *See* Complaint at ¶ 12 (seeking to certify a class of all persons subjected to non-judicial foreclosure by PNC since September 9, 2013). If the Ninth Circuit allows any of Plaintiff's theory to survive, no putative class members will be prejudiced by waiting a few additional months for the Ninth Circuit's legal guidance. Nothing

this or any other Court determines regarding Plaintiff's claims will alter future conduct because non-judicial foreclosures are no longer being started.

21.   In arguing against staying the *Ilar* and *DeGamo* matters, Plaintiff's counsel asserted that the Ninth Circuit will not resolve every legal issue in those cases. *See Ilar*, DE 50 at 1-4.  Even assuming that is correct, "the legal issues in the two proceedings need not be identical. 'True, a decision in the cause [now] pending in [the Nevada Supreme Court] may not settle every question of fact and law in [this suit], but in all likelihood it will settle many and simplify them all.' " *BB&T, Co., v. 27th & Southern Holding, LLC, et al.*, No. 2:12cv01781-LRH-PAL, 2013 WL 4592496, 2013 U.S. Dist. LEXIS 120898 (D. Nev. Aug. 26, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 256, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  *See also Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08-cv-1521 AJB (WVG), 2013 WL 4716202, 2013 U.S. Dist. LEXIS 125652 (S.D. Cal. Sept. 3, 2013) (staying case even though Ninth Circuit was not deciding all issues relevant to the case).

22.   If the Court does not grant a stay, PNC requests a short enlargement of fourteen (14) days from the entry of such order to respond to the Complaint.  It would not serve judicial economy for the parties to brief motions to dismiss that will either be unnecessary, barred, or obsolete following the Ninth Circuit's ruling.

WHEREFORE, PNC respectfully requests this Court enter an order: (1) staying this case until the resolution of the pending Ninth Circuit appeals, (2) vacating any dates and deadlines, and (3) providing such other and further relief as this Court deems just and appropriate under the circumstances. In the alternative, PNC requests a short extension of time of fourteen (14) days following the entry of an order denying this Motion to file its responsive pleading.

DATED:  Honolulu, Hawaii, November 5, 2013.

/s/ Edmund K. Saffery
REGAN M. IWAO
EDMUND K. SAFFERY
SCOTT K.D. SHISHIDO

Attorneys for Defendant
PNC BANK, N.A.