**PERKIN & FARIA LLLC**
JOHN F. PERKIN                          1673-0
BRANDEE J.K. FARIA                      6970-0
700 Bishop Street, Suite 1111
Honolulu, Hawai'i 96813
Telephone: (808) 523-2300
Fax: (808) 697-5302

**BICKERTON LEE DANG & SULLIVAN**
JAMES J. BICKERTON                      3085-0
STANLEY H. ROEHRIG (Of Counsel)         664-0
745 Fort Street, Suite 801
Honolulu, Hawai'i 96813
Telephone: (808) 599-3811
Fax: (808) 533-2467

**AFFINITY LAW GROUP**
VAN-ALAN H. SHIMA                       8176-0
1188 Bishop Street, Suite 3408
Honolulu, Hawai'i 96813
Telephone: (808) 545-4600
Fax: (808) 545-4601

Attorneys for Plaintiff WAYNE FERGERSTROM,
Individually and on behalf of all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WAYNE FERGERSTROM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PNC BANK, N.A., a national banking association; DEREK W.C. WONG; and | CASE 1:13-cv-00526 (DKW/RLP) (Foreclosure) <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO [11]** <br> *(caption continues next page)* <br><br> NON HEARING MOTION <br> RE: ECF No. 11 <br> JUDGE: Hon Richard L. Puglisi |

| | |
|---|---|
| DOE DEFENDANTS 1-50,<br><br>            Defendants. | **DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION TO STAY PENDING APPEAL OF RELATED CASES OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME; DECLARATION OF JAMES J. BICKERTON; CERTIFICATE OF SERVICE** |

## **MEMORANDUM IN OPPOSITION**

Currently before this Court are Plaintiff WAYNE FERGERSTROM's Motion to Remand (filed November 8, 2013) and PNC BANK, N.A.'s Motion to Stay (filed three days earlier on November 5, 2013). See ECF 11 (stay); ECF 18 (remand). After Fergerstrom moved for remand, PNC clarified that it believes the Court may, as part of the relief on its Motion to Stay, stay this Court's decision on whether Co-Defendant DEREK W.C. WONG was fraudulently joined. See Decl. of James J. Bickerton ¶ 3.

Fergerstrom concedes that if PNC's removal was proper, staying this case would accord with this Court's October 17, 2013 Orders staying the closely related cases of Ilar v. Routh Crabtree Olsen, Civil No. 13-00145 (DKW/BMK); and Degamo v. Bank of America, Civil No. 13-00141 (DKW/BMK). See Ilar ECF 51; Degamo ECF 50. Neither Ilar nor Degamo, however, involved a jurisdictional dispute: in both cases, removal was made under the Class Action Fairness Act, and the plaintiffs did not attempt a remand.

Accordingly, PNC's Motion to Stay—which seeks to halt **all** pending matters, **including** Fergerstrom's Motion to Remand—raises two questions this Court did not address prior to imposing the stays in Ilar and Degamo: First, is a request to stay a case with an open jurisdictional question subject to the same discretionary test as that used in Ilar and Degamo; and second, should this Court

delay its jurisdictional determination in favor of a "blanket" discretionary stay? For the reasons that follow, the answer to both questions is "No."

**I.    BACKGROUND**

On September 9, 2013, Fergerstrom filed his Complaint against PNC and Wong in state circuit court, alleging that Defendants committed or participated in numerous unfair and deceptive acts and practices when foreclosing his mortgage. See Pl.'s Mot. to Remand 1-5, ECF 18-1.  On October 10, 2013, PNC filed a Notice of Removal to this Court, which alleged Wong's "fraudulent joinder" as the sole basis for removal jurisdiction.  ECF 1 at 3, 10.

On November 5, 2013, PNC filed its Motion to Stay.  ECF 11.  The Motion "seeks to stay this suit pending resolution of related appeals" in Gibo v. U.S. Bank, N.A., (9th Cir., No. 13-16092); Lima v. Deutsche Bank National Trust Company (9th Cir., No. 13-16091); and Bald v. Wells Fargo Bank, N.A. (9th Cir., No. 13-16622). See ECF 11 at 2.  On November 7, 2013, Wong filed a "Substantive Joinder" to PNC's Motion to Stay and joined PNC in seeking a stay of "all proceedings in this case" pending the Ninth Circuit's decisions in Lima, Gibo, and Bald.  ECF 15.

On November 8, 2013, Fergerstrom filed a Motion to Remand.  ECF 18.  On November 14, 2013, the parties held a Rule 26(f) planning meeting.  During the meeting, counsel for PNC clarified that it believes the Court may, as part of the

relief on its Motion to Stay, stay this Court's decision on whether Wong was fraudulently joined.  See Bickerton Decl. ¶ 3.

## II. THIS COURT MUST FIRST RESOLVE FERGERSTROM'S JURISDICTIONAL CHALLENGE BEFORE CONSIDERING A STAY

### A. Fergerstrom's Remand Motion Presents a Fundamental Question of Subject Matter Jurisdiction This Court Did Not Consider in *Ilar* or *Degamo*.

In deciding to stay Ilar and Degamo, this Court ostensibly followed the Ninth Circuit's established criteria for considering discretionary stays:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); and Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979)).  The Ninth Circuit calls these stays "Landis stays."  See Lockyer, 398 F.3d at 1109 (citing Landis v. North Am. Co., 299 U.S. 248 (1936)).

Absent his Motion to Remand, Fergerstrom might be hard-pressed to argue that the Landis stays in Ilar and Degamo should not also be imposed on him.  The

4

"competing interests" of Fergerstrom and PNC mirror those in <u>Ilar</u> and <u>Degamo</u>. Moreover, any "simplification" of legal issues following the Ninth Circuit's rulings in <u>Lima</u>, <u>Gibo</u>, and <u>Bald</u> will inure equally to Fergerstrom, Ilar, and Degamo, whose claims turn on similar facts and theories.

Fergerstrom, however, stands on a different procedural footing in one important respect: by seeking remand, he challenges this Court's jurisdiction to hear or take any action on his case. Neither <u>Lockyer</u>, <u>CMAX</u>, nor <u>Leyva</u> addressed whether this Circuit's general test for discretionary stays—essentially, a balancing of interests with an eye towards judicial economy—is applicable where a party seeks to delay a jurisdictional determination as part of a blanket <u>Landis</u> request.

The historical treatment of jurisdiction strongly suggests that neither hardship nor judicial economy can excuse a court from attempting to resolve a timely-framed jurisdictional challenge at the outset of litigation. As "reflected in a long and venerable line" of cases, "[t]he requirement that jurisdiction be established **as a threshold matter** . . . is '**inflexible and without exception**.'" <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (1998) (emphasis added) (citing <u>Mansfield, C. & L. M. R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884); <u>Ex parte McCardle</u>, 7 Wall. 506, 514 (1869); and <u>Great So. Fire Proof Hotel Co. v. Jones</u>, 177 U.S. 449, 453 (1900)). Thus, "the **first and fundamental** question is that of jurisdiction," which a court "is bound to ask and answer for itself" because

5

"[w]ithout jurisdiction the court cannot proceed at all in any cause." Steel Co., 523 U.S. at 94 (emphasis added) (quoting Ex parte McCardle, 7 Wall. at 514).[1]

The broad scope of PNC's requested stay conflicts with these basic jurisdictional principles. A stay at this juncture departs from the "long and venerable" tradition of treating jurisdictional questions as prefatory, Steel Co., 523 U.S. at 94-95, and invites this Court to act without first confirming its authority to do so.[2] Tellingly, the Ninth Circuit does not appear to have ever endorsed the imposition of a Landis stay where the plaintiff's questioning of subject matter

---

[1] See also, e.g., Owens-Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n. 4 (4th Cir. 1999) ("questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case" (citation omitted)); Allen v. Ferguson, 791 F.2d 611, 615 (7th Cir. 1986) ("when a suit is removed on the basis of diversity of citizenship, the district court should verify the existence of subject-matter jurisdiction at the outset of the litigation if it appears that complete diversity is lacking"); Appley Bros. v. United States, 164 F.3d 1164, 1169 (8th Cir. 1999) ("subject matter jurisdiction is a threshold consideration"); Swan v. First Church of Christ, Scientist, 225 F.2d 745, 747 (9th Cir. 1955) ("we must first consider and determine the question of jurisdiction"); In re Papandreou, 139 F.3d 247, 255 (D.C. Cir. 1998) ("[T]he first and fundamental question is that of jurisdiction.").

[2] See Lloyd v. Cabell Huntington Hosp., 58 F. Supp. 2d 694, 696 (S.D. W. Va. 1999) (a court "cannot ... stay proceedings in an action over which it lacks jurisdiction"); Stern v. Mutual Life Ins. Co., 968 F. Supp. 637, 639 (N.D. Ala. 1997) (a "court [that] lacks jurisdiction over [an] action ... is without jurisdiction to enter . . . a stay"); Lujan v. Girardi/Keese, 2009 U.S. Dist. Lexis 73281, at *29 (D. Guam Aug. 18, 2009) ("the court finds it is without jurisdiction to ... stay the claim" because the case "was improperly removed to this court and must be remanded").

jurisdiction remained unresolved.³ While this Court has thus stayed Ilar and Degamo, those earlier stays do not automatically compel the same sweeping halt to this proceeding.

> **B. This Court Should Consider The Factors Used In Multi-District Litigation To Determine Whether To Remand Or Stay An Action.**

The question whether to stay a case and defer a jurisdictional determination frequently arises in multi-district litigation ("**MDL**"), where a plaintiff's motion to remand and a defendant's motion to stay are often pending simultaneously. The order in which courts consider competing remand and stay motions in MDL cases is instructive of whether this Court should first decide Fergerstrom's Motion to Remand before considering PNC's Motion to Stay.⁴

In Meyers v. Bayer AG, 143 F. Supp. 2d 1044 (2001), the United States District Court for the Eastern District of Wisconsin established a three-step

---

³ See, e.g., Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1063 (9th Cir. 2007) (plaintiff did not contest removal to federal court); Lockyer, 398 F.3d at 1098 (plaintiff sued defendant in federal court); Leyva, 593 F.2d at 859 (claims "present[ed] federal questions"); CMAX, Inc., 300 F.2d at 266 (plaintiff sued defendant in federal court); see also Clinton v. Jones, 520 U.S. 681, 684-685 & n.1 (1997) ("The complaint alleges two federal claims, and two state law claims over which the federal court has jurisdiction because of the diverse citizenship of the parties.").

⁴ MDL cases are not entirely analogous because Congress has granted statutory authority to stay and transfer an MDL action "despite the pendency of a jurisdictional objection." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (citing 28 U.S.C. § 1407). Here, by contrast, no statute authorizes this Court to stay a necessary jurisdictional determination.

procedure to determine the order for deciding competing motions to remand and to stay an MDL case:

> [A] court should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.
>
> If, on the other hand, the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. The only reason to permit the transferee court to decide the jurisdictional issue would be to further judicial economy and consistency. . . .
>
> Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay.

Id. at 1049. In the MDL context, numerous courts follow Meyers. See 15 Federal Practice & Procedure § 3866.1 (citing cases).

Meyers' three-step approach suggests a sensible framework for resolving dueling remand and stay motions in non-MDL cases. See, e.g., Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC, 2007 U.S. Dist. Lexis 13007, at *9 (N.D. Ill. Feb. 23, 2007) (citing Meyers and deciding "plaintiffs' motion to remand before defendants' motion to stay" in a non-MDL case). Applying Meyers, remand should be decided first if the jurisdictional question is either uncomplicated **or** is

8

unlikely to be answered in a related proceeding; while a stay should be considered ahead of remand if the jurisdictional question is a complex one that another court will likely answer in a timeframe that minimally prejudices the parties. Ordering these considerations sequentially promotes judicial economy and consistent rulings, see Lockyer, 398 F.3d at 1110, while also ensuring that jurisdictional questions maintain their historic place as "threshold" considerations. See Steel Co., 523 U.S. at 94-95. Indeed, Meyers directs that jurisdiction be addressed even where the circumstances of a case would otherwise justify a stay.

### C. Applying the *Meyers* Analysis, Fergerstrom's Remand Motion Should Be Decided Before Considering a Stay.

Following Meyers' three-step inquiry, this Court should decide the Motion to Remand before considering a Landis stay.

#### 1. The Motion to Remand.

Under Meyers' first step—a "preliminary assessment" of Fergerstrom's remand motion—the state-law claims against Wong are not complex. Wong allegedly advertised the sale of Fergerstrom's home using a notice he knew was materially false. See Pl.'s Mot. to Remand 17-18, ECF 18-1. PNC's "extremely high" burden on a motion to remand demands proof, by "clear and convincing evidence," that those allegations contain "no possibility of a claim," and "the failure is obvious according to the settled rules of the state." County of Hawaii v. UniDev, LLC, 2010 U.S. Dist. Lexis 12150, at *42 (D. Haw. Feb. 10, 2010);

9

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-1044 (9th Cir. 2009); Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

As Chief Judge Mollway recognized in denying an attorney-defendant's motions for sanctions in Lima and Gibo, consumer protection claims against a foreclosing mortgagee's attorney are not "frivolous."  See Lima ECF 115; Gibo ECF 144.  On November 15th, Magistrate Judge Chang recommended denying a similar Rule 11 motion in Bald.  See Bald ECF 63.  Moreover, both the Ninth Circuit and this Court have held that Hawaii's consumer protection statutes apply to deceptive foreclosure practices. See Kekauoha-Alisa v. Ameriquest Mortg. Co., 674 F.3d 1083, 1091-1092 (9th Cir. 2012); Soriano v. Wells Fargo Bank, 2013 U.S. Dist. Lexis 10072, at *16-*21 (D. Haw. Jan. 25, 2013).

Finally, Hawaii courts have noted that attorneys are liable for "intentionally tortious acts" that injure non-clients.  Giuliani v. Chuck, 1 Haw. App. 379, 383-384 (Haw. Ct. App. 1980); Buscher v. Boning, 114 Haw. 202, 220 n.13 (Haw. 2007).  Given these rulings, the "possibility" of a claim against Wong in Fergerstrom's case is neither a particularly high nor vexing bar to clear.  See Pl.'s Mot. for Remand at 7-33, ECF 18-1.  Indeed, there is something unavoidably peculiar about PNC's reluctance to confront whether this case belongs in state court until another federal court (the Ninth Circuit) makes an "Erie guess" as to what it thinks Hawaii law might be.

### 2. The Pending Appeals.

Meyers' second consideration—whether any related cases present "identical or similar jurisdictional issues"—also favors promptly addressing PNC's allegation of fraudulent joinder. The issue is not before the Ninth Circuit in either Lima, Gibo, or Bald because in all three cases, the notice of removal relied on jurisdiction under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d), and the undisputed class size exceeded 100 individuals. Notwithstanding the additional "sham" or "fraudulent" joinder allegations in the removal notices, Judge Mollway accepted jurisdiction **solely** under CAFA, and expressly declined to adopt any finding of fraudulent joinder in Gibo or Lima where it was raised and argued. See Lima ECF 67, at 11-12; Gibo ECF 84, at 11-12. Consequently, the only jurisdictional question before the Ninth Circuit is whether the bank-defendants properly filed their notices of removal as "trustees" if they were not sued in that capacity.[5] See Lima Opening Br. at 4 n.2, No. 13-16091 ECF 14-1; Gibo Opening Br. at 5 n.3, No. 13-16092 ECF 13-1.

Lima, Gibo, and Bald are also distinguishable from Wong's "fraudulent joinder" inquiry because of the nature of the orders appealed from. Those appeals seek review of this Court's Rule 12(b)(6) determinations that the plaintiffs failed to state any cognizable claims under Hawaii law. Because "the standard for remand

---

[5] Bald did not oppose removal. The opening brief in that appeal is due on December 18, 2013.

is more lenient than the standard for dismissal," County of Hawaii v. UniDev, LLC, 2010 U.S. Dist. Lexis 12150, at *36 (D. Haw. Feb. 10, 2010), a plaintiff may both properly join a non-diverse defendant yet ultimately fail to state a claim against him. Id. at *38 ("The Court reiterates that it is not ruling here on whether or not Plaintiff's complaint would survive a motion to dismiss . . . because it is unnecessary to decide that issue for purposes of deciding the motion to remand"). Accordingly, granting remand in this case will not conflict with the Ninth Circuit's decisions—even if the appellate court affirms Judge Mollway's Rule 12(b)(6) dismissals in their entirety.

Finally, neither Lima, Gibo, nor Bald will consider the unique jurisdictional arguments PNC raises in its November 7, 2013 "Supplemental Jurisdictional Statement." See ECF 16. Particularly, PNC disputes that it was ever served; belatedly asserts CAFA as an additional ground for removal; and introduces evidence that misrepresents the size of the putative Class. See ECF 16; Pl.'s Mot. to Remand 36-37, ECF 18-1. The pending Ninth Circuit appeals will not aid this Court in deciding whether PNC may properly invoke CAFA jurisdiction here.

### 3. Other Considerations.

Meyers' third step (considering the merits of PNC's Motion to Stay) is unnecessary because the propriety of Wong's joinder is neither a complicated question nor one the Ninth Circuit will likely address in Lima, Gibo, or Bald.

12

Several prudential considerations also favor acting on Fergerstrom's Motion to Remand now.

First, staying this case at the outset risks eroding important federalism principles that limited federal jurisdiction is intended to promote.  As the master of his complaint, Fergerstrom was free to seek a state-court forum by restricting his pleading to state-law claims.  See Meyers, 143 F. Supp. 2d at 1048 (citing Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000); and The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)).  So framed, his dispute is one that Hawaii courts have a compelling interest in adjudicating:  indeed, the "strong presumption" against removal jurisdiction, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), and the equally strong presumption against fraudulent joinder, see McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987), confirm that state-law claims such as his are generally the province of state courts.  Both state and individual interests are impaired where a federal court hesitates to decide a jurisdictional dispute that is readily decidable.

Second, delaying a decision on Fergerstrom's Motion to Remand furthers no significant interest in "judicial economy."  Granting the Motion because of Wong's diversity-defeating presence is a non-appealable decision, since the only timely-raised ground for removal was general diversity.  See 28 U.S.C. § 1447(d); Watkins v. Vital Pharms., Inc., 720 F.3d 1179, 1181 (9th Cir. 2013); Pl.'s Mot. to

Remand 36-37, ECF 18-1. Denying the Motion (and thereby confirming its jurisdiction) frees the Court to stay the remainder of the case—an almost certain outcome given this Court's October 17, 2013 Stay Orders in Ilar and Degamo. Under neither scenario will this Court's time and effort be wasted or monopolized by resolving the question of remand before considering a stay.

## III. CONCLUSION

For the foregoing reasons, PNC's Motion to Stay should be DENIED with respect to the jurisdictional questions raised in Fergerstrom's Motion to Remand, which should proceed to decision notwithstanding any stay the Court may otherwise be inclined to enter.

DATED: Honolulu, Hawaiʻi , November 19, 2013.

/s/ James J. Bickerton
JOHN FRANCIS PERKIN
JAMES J. BICKERTON
STANLEY H. ROEHRIG
VAN-ALAN H. SHIMA