IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WAYNE FERGERSTROM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>PNC BANK, N.A., a national banking association; DEREK W.C. WONG; and DOE DEFENDANTS 1-50,<br><br>        Defendants. | CIVIL NO. 13-00526 DKW-RLP<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR AN ORDER OF REMAND; AND (2) ADMINISTRATIVELY CLOSING CASE** |

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR AN ORDER OF REMAND;
AND (2) ADMINISTRATIVELY CLOSING CASE**

**INTRODUCTION**

Fergerstrom objects to a portion of the Magistrate Judge's February 27, 2014 Findings and Recommendation ("F&R") denying his motion to remand. Because the Magistrate Judge correctly found that Fergerstrom's proposed class exceeds 100 members, and because PNC timely asserted this Court's jurisdiction

1

pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), the Court ADOPTS the Findings and Recommendation and overrules Fergerstrom's objections.

## BACKGROUND

Fergerstrom filed his complaint against PNC Bank, N.A., and attorney Derek W.C. Wong in Hawaii state court on September 9, 2013. On October 10, 2013, PNC filed its Notice of Removal, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Although both Fergerstrom and Wong are citizens of Hawai'i, PNC alleged that Wong was fraudulently joined to this action and his presence therefore does not defeat diversity. On November 7, 2013, PNC filed a Supplemental Jurisdictional Statement, asserting that this Court also has jurisdiction over this action pursuant to CAFA.

Fergerstrom alleges a putative class consisting of:

> All consumers within the meaning of H.R.S. Chapter 480 who owned real property in Hawai'i and who were subjected to a notice of foreclosure sale under H.R.S. § 667-5 prepared by Defendant Derek Wong or the law firm of Routh Crabtree & Olson by or on behalf of Defendant PNC (or NCB before its merger with PNC) claiming for PNC or NCB the rights of a mortgagee with a power of sale and as to whose property Defendant PNC or NCB thereby caused the sale or transfer of the property on or after September 9, 2009.

Complaint ¶ 12. He alleges that the number of mortgagors who fall within the class definition is "more than 50 and less than 100." *Id.* ¶ 15.

More specifically, the complaint alleges that Defendants "breached their duties to act in good faith to sell the properties to the owners' best advantage and to use reasonable diligence to secure the best possible price" by adopting foreclosure policies and practices designed to deter public participation and "chill" bid prices at non-judicial foreclosure auctions. *Id*. ¶ 9. According to Fergerstrom, Defendants created a non-judicial foreclosure system that reduced competition between PNC and third-party bidders at auctions, allowing PNC to purchase properties on credit bid at lower prices. *Id*. ¶¶ 10-11, 24, 56, 64. Fergerstrom asserts that the sale procedures implemented by Defendants constitute unfair and deceptive acts or practices under Hawaii Revised Statutes ("HRS") Chapter 480. *Id.* ¶¶ 38, 48-56.

Fergerstrom filed a motion to remand on November 8, 2013. Because the Magistrate Judge concluded that the Court has CAFA jurisdiction over this matter, the Magistrate Judge did not address PNC's alternative fraudulent joinder argument. The Magistrate Judge recommended that the Court deny the motion to remand and grant PNC's Motion to Stay Pending Appeal of Related Cases. Fergerstrom objects to the portion of the F&R denying the motion to remand.

# STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

**DISCUSSION**

Fergerstrom objects on the grounds that (1) the Magistrate Judge erred in concluding that Fergerstrom's proposed class includes more than 100 members; (2) the assertion of CAFA jurisdiction was untimely; and (3) there was no fraudulent joinder of Defendant Wong. As discussed herein, the Court agrees with the Magistrate Judge that the class size satisfies CAFA's numerosity requirement and that CAFA jurisdiction was timely asserted. The Court need not and does not reach Fergerstrom's objection relating to fraudulent joinder.

**I.     Jurisdiction Pursuant to CAFA**

   **A.     CAFA**

CAFA vests federal district courts with original jurisdiction of any civil action in which (1) the aggregate number of proposed plaintiffs is one hundred or greater, (2) any member of the plaintiff class is a citizen of a state different from any defendant, and (3) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d); *Standard Fire Ins. Co. v.. Knowles*, 133 S. Ct. 1345, 1348 (2013). The second element requires only "minimal diversity." *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1332(d)(2).

Fergerstrom does not object to the Magistrate Judge's finding that the minimal diversity and $5 million amount in controversy requirements have been met here. The only issue is numerosity of the class—whether the Magistrate Judge erred in concluding that the proposed class size exceeds 100.

B.  **The Numerosity Requirement Has Been Satisfied**

Fergerstrom defines his proposed class as consumers "subjected to a notice of foreclosure sale under H.R.S. § 667-5" on behalf of "Defendant PNC (or NCB before its merger with PNC) claiming for PNC or NCB the rights of a mortgagee with a power of sale and as to whose property Defendant PNC or NCB thereby caused the sale or transfer of the property on or after September 9, 2009." Complaint ¶ 12.  He contends that the proposed class consists of 90 members.  *See* Objections at 2.

In order to reach his count, however, Fergerstrom excludes the following mortgagors from his proposed class: i) 26 mortgagors where PNC acted as the loan servicer for a mortgagee other than itself, rather than as the mortgagee (Sales Nos. 75-91); ii) 9 mortgagors whose mortgagee was National City Real Estate Services, LLC ("NCRES") (Sales Nos. 17, 70-73); and iii) 2 mortgagors in a sale conducted by RCO Hawaii, the current incarnation of Wong's law firm, previously known as Routh Crabtree & Olson (Sales No. 74).  The Magistrate Judge found

6

these exclusions to be inconsistent with Fergerstrom's own class definition. The Magistrate Judge further determined that when accounting for these improperly excluded mortgagors, CAFA's 100-person numerosity requirement was easily met. The Court reviews each of these categories of mortgagors in turn.[1]

### 1. Sales In Which PNC Was The Loan Servicer, Not The Mortgagee

Fergerstrom objects to the inclusion of 26 mortgagors where PNC conducted the foreclosure sale as a loan servicer, not as the listed mortgagee (Sale Nos. 75-91). The Notices of Sale in these instances listed the mortgagee invoking the power of sale as "C/O" various PNC or National City entities, and listing the mortgagee's address as the headquarters of what is now PNC Mortgage. *See* PNC Response at 23; Objections at 18-19 (listing associated entities and address).

Even if PNC acted solely as the loan servicer in these sales as Fergerstrom alleges, the mortgagors are included in the class as defined. Under Fergerstrom's proposed definition, the relevant sales notices need only be prepared on behalf of PNC or NCB "claiming for PNC or NCB *the rights of a mortgagee*." Compl. ¶ 12 (emphasis added). Here, PNC claimed the rights of the mortgagees in

---

[1] There are an additional 15 mortgagors whom Fergerstrom excluded from his class definition because they lacked standing. Although the Magistrate Judge did not examine these additional exclusions because they were unnecessary to the CAFA numerosity count, this Court addresses the propriety of certain of these exclusions, *infra*.

the notices. Fergerstrom's definition does not limit the class to notices issued where PNC or NCB is itself the mortgagee. Accordingly, the 26 mortgagors associated with these sales are properly included in the proposed class. *See* Dkt. No. 56 at 11-12. These 26 class members alone bring the proposed class above the CAFA threshold.

### 2. Foreclosure Sales Conducted In The Name Of NCRES

The Magistrate Judge correctly included nine mortgagors as proposed class members whose sales were brought by PNC in the name of NCRES (Sales Nos. 17 and 70-73). Dkt. No. 56 at 12. NCRES was a wholly-owned subsidiary of NCB, which merged into PNC Bank, N.A. NCRES likewise is a wholly-owned affiliate whose sole member was PNC at the time of the sales in 2010. *See* Cunningham Decl. ¶ 2 and attached Exhibits. Accordingly, the NCRES foreclosures were brought on behalf of PNC or NCB, and these nine mortgagors fall within the proposed class definition.

### 3. Foreclosure Sale By Another RCO Hawaii Attorney

Fergerstrom objects to the inclusion of two mortgagors involved in a foreclosure sale in which the notice was not signed by Wong (Sales No. 74). Although the Notice of Sale was signed by a different attorney at RCO Hawaii, LLLC, Wong was responsible for the service and posting of the Notice of Sale and

8

he conducted the sale. *See* Wong Affidavit of Sale (Dkt. No. 52-1). The Magistrate Judge noted that Wong was an attorney for the Routh, Crabtree & Olson law firm both when it was previously known as "Routh Crabtree Olsen, P.S." and the current entity "RCO Hawaii, LLLC." The Court agrees that Sales No. 74 is properly included within the defined class because the Notice of Sale was prepared by RCO Hawaii, LLLC, the current iteration of the Routh Crabtree & Olson firm that has employed Defendant Wong since at least May 2009. *See* Dkt. No. 56 at 13. Accordingly, the two related mortgagors are members of the putative class. These two, together with the nine mortgagors involved in the NCRES foreclosures (Sales Nos. 17 and 70-73), satisfy the CAFA numerosity threshold, even if the Court were to exclude the other groups of mortgagors urged by Fergerstrom (*i.e.*, sales where PNC acted as loan servicer and mortgagors in bankruptcy).

### 4. Class Members Involved in Bankruptcy Proceedings

Fergerstrom contends that 11 mortgagors should be excluded for lack of standing because they filed for bankruptcy following the foreclosure sale, and, accordingly, their claims are the property of the bankruptcy estates. The Magistrate Judge did not reach this issue because he had already found the CAFA threshold was met. Dkt. No. 56 at 14.

The Court agrees with PNC that putative class members who have declared bankruptcy should be counted for CAFA purposes. As Fergerstrom acknowledges, bankrupt class members' claims can proceed with the consent of the trustee. *See* Objections at 22. Here, there has been no class notice or class certification to date. For purposes of the threshold jurisdictional determination—rather than certification—there is no compelling reason to exclude these mortgagors. As noted by PNC, these class members may have post-discharge damages, which remain with the debtor, rather than the estate. That is consistent with Fergerstrom's allegations of continuing damages based on the deprivation of the rental value of the property from the date the mortgagors lost possession. *See* Complaint ¶ 40. Moreover, it may be possible for absent debtor class members to reopen their bankruptcy cases to seek to be part of the class. Therefore, these 11 debtors should be counted as members of the putative class, which alone would bring the proposed class count above the CAFA threshold.

C. **PNC's Timely Assertion of CAFA Jurisdiction**

Fergerstrom objects to PNC's assertion of CAFA jurisdiction after the initial 30-day removal window. PNC filed its Notice of Removal on October 10, 2013, based on a fraudulent joinder theory. On November 7, 2013, PNC filed a Supplemental Jurisdictional Statement asserting that this Court also has jurisdiction

over this action under CAFA. Fergerstrom argues that the Supplemental Jurisdictional Statement is untimely under 28 U.S.C. §§ 1446(b)(1) and (b)(3). The Magistrate Judge, relying on *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), and *Rea v. Michaels Stores, Inc.,* 742 F.3d 1234 (9th Cir. 2014), found that PNC's assertion of CAFA jurisdiction was timely because the complaint was indeterminate as to CAFA jurisdiction, and PNC promptly asserted it after conducting an investigation that revealed its basis. Indeed, as noted in the F&R, Fergerstrom affirmatively alleged that the proposed class included "less than 100 persons" in an effort plainly designed to thwart CAFA jurisdiction. Complaint ¶ 15.

The removal statutes generally require a party to remove a case within 30 days of receiving the complaint. *See* 28 U.S.C. § 1446, 1453(b). The statutes provide an exception to this rule: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The Ninth Circuit recently held:

> in *Roth v. CHA Hollywood Medical Center, L.P.,* that the two 30-day periods are not the exclusive periods for removal. 720 F.3d 1121, 1124-25 (9th Cir. 2013). In other words, as long as

11

> the complaint or "an amended pleading, motion, order or other paper" does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.

*Rea*, 742 F.3d at 1238.

"[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability. Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125. Here, the Court agrees that grounds for removal could not be determined from the face of the complaint because Fergerstrom affirmatively alleged there were "less than 100" homeowners in his proposed class. PNC timely invoked CAFA jurisdiction upon investigating and discovering that Fergerstrom's allegation regarding the number of proposed class members was incorrect. Thus, under Ninth Circuit case law, PNC may assert the supplemental grounds for removal, even though more than thirty days had passed since being served with the complaint.

## II. Fraudulent Joinder

The Magistrate Judge did not reach PNC's alternate ground for removal—fraudulent joinder. The Court likewise does not reach this issue. Whether Wong was properly joined does not affect CAFA jurisdiction and therefore need not be addressed here. *See Serrano*, 478 F.3d at 1024 (explaining that "minimal diversity" suffices under CAFA).

## III. PNC's Motion to Stay

Fergerstrom does not object to the portion of the F&R granting PNC's request to stay this matter pending appeals in related cases. Accordingly, the Court ADOPTS this portion of the F&R.

## CONCLUSION

On the basis of the foregoing, and after careful *de novo* review and consideration of the Findings and Recommendation and record in this matter, the Court hereby OVERRULES Fergerstrom's Objections and ADOPTS the Magistrate Judge's February 27, 2014 Findings and Recommendation to (1) Deny Plaintiff's Motion for an Order of Remand and (2) Grant PNC's Motion to Stay Pending Appeal of Related Cases.

The case is hereby stayed and ordered administratively closed. It may be reopened by the Clerk of Court, without payment of any further filing fee, upon

issuance of the Ninth Circuit's mandates in the pending, related appeals or upon further order of this Court. The parties shall notify the Court within ten (10) days following the disposition of any related appeal. The administrative closing of this case is solely an administrative matter and does not impact, in any manner, any party's rights or obligations, has no impact on any limitation period, and does not alter in any manner any previous rulings by the Court.

        IT IS SO ORDERED.

        DATED: HONOLULU, HAWAIʻI, April 25, 2014.

_____
Derrick K. Watson
United States District Judge

---

Wayne Fergerstrom v. PNC Bank et al.; CV 13-00526 DKW-RLP; **ORDER (1) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR AN ORDER OF REMAND; AND (2) ADMINISTRATIVELY CLOSING CASE**