PERKIN & FARIA
JOHN F. PERKIN                1673
841 Bishop Street, Suite 1000
Honolulu, Hawaii  96813
Tel.  (808) 523-2300

BICKERTON DANG, LLLP
JAMES J. BICKERTON            3085
BRIDGET G. MORGAN             8705
STANLEY H. ROEHRIG             664
745 Fort Street, Suite 801
Honolulu, Hawaii  96813
Tel.  (808) 599-3811

AFFINITY LAW GROUP

VAN-ALAN H. SHIMA             8176
1188 Bishop Street, Suite 3408
Honolulu, Hawaii 96813
Tel.  (808) 545-4600

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WAYNE FERGERSTROM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> *v.* <br><br> PNC BANK, N.A., a national banking association; et al., <br><br> Defendants. | Civil No. 13-00526  DKW-RLP (Class Action) <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF JAMES J. BICKERTON; CERTIFICATE OF SERVICE** |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

Plaintiff WAYNE FERGERSTROM, individually and on behalf of those similarly situated ("Plaintiff"), by and through his attorneys, hereby moves this Court for an order granting him leave to file a First Amended Complaint ("FAC"), which would amend the Complaint filed on September 9, 2013 (the "Complaint") by (1) adding two additional plaintiffs to represent the putative class, (2) adding additional subclasses, and (3) adding factual allegations in support of the claims for wrongful foreclosure and unfair and deceptive acts and practices and unfair methods of competition already alleged in the Complaint.

As set forth in the accompanying Memorandum, each of the proposed amendments relates back to the date of the original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, and the additional plaintiffs are properly joined under Rule 20(a) of the Federal Rules of Civil Procedure.

This Motion is supported by the attached memorandum and by the Declaration of James J. Bickerton ("Bickerton Decl.") and the entire record and file herein.

A copy of the proposed FAC with Ramseyer formatting to show new material, is attached to the Bickerton Decl. as Exhibit "A" for the Court's ready reference. A copy of the FAC without Ramseyer formatting is attached as Exhibit "B", and a filed copy of the original Complaint is attached as Exhibit "C".

DATED:  Honolulu, Hawaii, March 30, 2018.

/s/ *James J. Bickerton*
JAMES J. BICKERTON
JOHN F. PERKIN
BRIDGET G. MORGAN
STANLEY H. ROEHRIG
VAN-ALAN SHIMA

Attorneys for Plaintiff
WAYNE FERGERSTROM, individually
and on behalf of all other similarly
situated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WAYNE FERGERSTROM, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>                *v.*<br><br>PNC BANK, N.A., a national banking association; et al.,<br><br>                Defendants. | Civil No. 13-00526  DKW-RLP<br>(Class Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

## I.  INTRODUCTION

Plaintiff WAYNE FERGERSTROM, individually and on behalf of all persons similarly situated, by and through his undersigned attorneys, hereby submit this Memorandum in support of *Plaintiffs' Motion for Leave to File First Amended Complaint*.  The proposed First Amended Complaint ("FAC"), redline and clean copies of which are attached as <u>Exhibits "A"</u> and <u>"B"</u>, (1) adds additional plaintiffs to represent the putative class, (2) adds additional subclasses, (3) adds factual allegations in support of the claims alleged, (4) more clearly separates the common law wrongful foreclosure claim and the claim for unfair and deceptive acts or practices ("UDAP") under HRS Chapter 480 and (5) generally removes or modifies certain allegations in light of the dismissal of Derek Wong as a defendant.  *See* Dkt. no. 81.

As discussed below, the proposed amendments relate back to the date of the original Complaint under Fed. R. Civ. P. Rule 15(c)(1), and the proposed additional plaintiffs are properly joined under Fed. R. Civ. P. 20(a).

## I.   BACKGROUND

### A.   Factual Allegations

The claims in this action arise from defendant PNC Bank, N.A.'s ("PNC") actions in purporting to exercise the power of sale granted by Plaintiff and members of the proposed Class to foreclose mortgages on Hawaii homes owned by said Class members.  By wrongfully exercising that power without satisfying its conditions, the statutory requirements thereof, and its common law duties thereunder, Defendant PNC breached its duties as the foreclosing mortgagee. Plaintiff further alleges that by violating the power of sale and Hawaii's statutory and common law on non-judicial foreclosure, and performing additional acts and omissions in the foreclosures of the mortgages of Plaintiff and the Class, PNC engaged in unfair and/or deceptive acts and practices under HRS Chapter 480.

More specifically, PNC, *inter alia*:

(1)    breached its duty to use good faith efforts to secure the best advantage for members of the Class in the sale of their properties under the power of sale in their mortgages, including using terms of sale reasonably calculated to secure the best possible price at the foreclosure auction of each Class member's property (alleged in the Complaint and proposed FAC);

2

(2)    breached its duty to offer and auction the properties of the Class members with a warranty of its own authority to sell (alleged in the Complaint and proposed FAC);

(3)    breached its duties as the holder of the power of sale when acting in the capacity of a foreclosing mortgagee under power of sale, by offering to sell and convey the properties of members of the Class to the high bidders at auction by a mere quitclaim deed and/or without any covenants or warranties of title (alleged in the Complaint and proposed FAC);

(4)    breached its duties by foreclosing after recording and publishing a notice of intention to foreclose ("Notice of Sale") that did not include "a description of the mortgaged property" (a) as required by HRS Section 667-7(a)(1) (2008) and which was "sufficient to inform the public of the nature of the property to be offered for sale" and "calculated to interest purchasers," as required by *Ulrich v. Sec. Inv. Co.*, 35 Haw. 158, 172–73 (1939) (alleged in proposed FAC);

(5)    breached its duties by publishing and/or posting the Notice of Sale for less time than required by statute (alleged in proposed FAC);

(6)    caused foreclosure auctions to be postponed without publishing a notice of the new date and time as required by the mortgage terms (alleged in Complaint and proposed FAC); and

(7)    engaged in unfair and deceptive acts and practices under HRS Chapter 480 by committing the foregoing acts (alleged in Complaint and proposed FAC).

3

Plaintiff alleges – in the Complaint and in the proposed FAC - that the foregoing practices reduced overall market interest in all of PNC's non-judicial auctions, thereby further injuring Plaintiff and the other members of the putative Class.  Plaintiff seeks to augment these allegations with additional factual allegations that arise from the same conduct which facilitated the same transactions and occurrences alleged in the original Complaint - the wrongful and unfair and/or deceptive foreclosures of the homes of Plaintiff and other members of the Class.

### B.     Procedural History

On September 9, 2013, Plaintiff Fergerstrom filed his Complaint in the First Circuit Court for the State of Hawai'i (Civil No 13-1-2437-09).  The Complaint alleged claims for: (a) unfair and deceptive trade practices ("UDAP"); and (b) common-law wrongful foreclosure (the "Wrongful Foreclosure Claim"), all of which arise from PNC's non-judicial foreclosure sales of Plaintiff's home and the homes of the other members of the putative Class.[1]  The Complaint also named PNC's attorney agent, Derek Wong, as a Defendant.

---

[1] For example, Paragraph 38 of the original Complaint alleged that: "The foreclosure sale by PNC in Plaintiff Fergerstrom's case, and the foreclosure sales by Defendant PNC in the cases of the other members of the Class, was contrary to the foreclosing mortgagee's duties under the power of sale and H.R.S. § 667-5, and was wrongful ***and*** an unfair and/or deceptive act or practice within the meaning of H.R.S. Chapter 480." (Emphasis added).   It also alleged, in Paragraph 56, that the conduct of PNC was an unfair method of competition ("UMOC") within the meaning of H.R.S. Chapter 480.

Existing Plaintiff Fergerstrom, along with proposed new Plaintiffs Shenandoah K. Kaiama and Windy K. Kaiama ("the Kaiamas" or "Proposed Plaintiffs"), and all members of the putative Class, all owned homes in Hawaii that were encumbered by mortgages which, Plaintiff alleges, PNC wrongfully, unlawfully, and unfairly and/or deceptively foreclosed through non-judicial foreclosure sales made on or after September 9, 2009.

On October 10, 2013, PNC removed the case to this Court; it has thereafter been administered under USDC Case No. 1:13-cv-00526-DKW-RLP.  Dkt #1.

On November 5, 2013, Defendant PNC moved to stay the case.  Dkt. #11.

On November 6, 2013 Derek Wong filed a motion to dismiss Plaintiff's Complaint.  Dkt. #14.

The motion to stay was subsequently granted (Dkt. #'s 56 and 59).  The stay was lifted on June 22, 2017 after decisions by the Hawaii Supreme Court and the Ninth Circuit addressed some of the claims made herein by Plaintiff.  (Dkt. #70).

 Since the action was commenced in 2013, several major Hawaii decisions have come down addressing issues concerning wrongful foreclosure claims as well as UDAP claims in the context of wrongful foreclosure:

- *Kondaur Capital Corporation v. Matsuyoshi*, 136 Hawaii 227, 361 P.3d 454 (2015) ("*Matsuyoshi*") (reaffirming *Ulrich v. Sec. Inv. Co.*, 35 Haw. 158 (Haw. Terr. 1939), and holding that **foreclosing mortgagees have a duty "to exercise their** right to non-judicial foreclosure under a **power of sale in a manner**

5

*that is fair, reasonably diligent, and in good faith*, and to demonstrate that an adequate price was procured for the property.") (emphasis added).[2]

- *Santiago v. Tanaka*, 137 Hawaii 137, 366 P.3d 612 (2016) ("*Santiago*") ("Where it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property" (citing *Ulrich*, 35 Haw. at 168), or damages when return of possession is not possible). *Id.* at 158;

- *Hungate v. Law Office of David Rosen*, 139 Hawaii 394, 391 P.3d 1 (2017) ("*Hungate*") (holding that a foreclosing mortgagee has "a duty to use fair and reasonable means to conduct the foreclosure sale in a manner that is conducive to obtaining the best price under the circumstances.") *Id.* at 408.

Shortly after *Hungate*, on May 11, 2017, the Ninth Circuit issued a memorandum opinion on the appeal in *Lima v. Deutsche Bank et al.,* following *Hungate* and reversing the dismissal of Deutsche Bank National Trust Company. See *Lima v. Deutsche Bank Nat'l Tr. Co.*, 690 F. App'x 911, 913, 2017 WL 1961397, (9th Cir. 2017).

Since the stay was lifted, there has been no discovery conducted and no

---

[2] The *Matsuyoshi* Court made clear that the burden is on the mortgagee when it is the purchaser.  *See* 136 Haw. at 240.  The vast majority of PNC's foreclosures during the Class period were sales to itself as the winning bidder, the proposed FAC makes clear that this *Kondaur* burden to establish compliance with its obligations as the foreclosing mortgagee rests with PNC.

motions have been filed.  PNC answered the Complaint on August 14, 2017.  Dkt. #79.   The Court held a Scheduling Conference on July 12, 2017.  The Rule 16 Scheduling Order set the jury trial of this matter on October 29, 2018.  Dkt. #76. The Scheduling Order establishes March 30, 2018 as the deadline to move to amend the pleadings or join additional parties. Dkt. #76.  There are no dispositive motions currently pending and this is Plaintiff's first request to amend.

## II.    SUMMARY OF PROPOSED AMENDMENTS

### A.    Proposed Additional Plaintiffs and Additional Subclasses

Plaintiff proposes to add the following additional plaintiffs to represent the putative Class: SHENANDOAH K. KAIAMA and WINDY K. KAIAMA (as noted, collectively, the "Kaiamas" or "Proposed Plaintiffs").  As set forth in the proposed FAC, the Kaiamas owned real property on Molokai that was foreclosed by PNC or its predecessor by merger, as mortgagee, under a power of sale wherein the sale occurred after September 9, 2009.  Plaintiff seeks to join the Kaiamas as co-Plaintiffs to ensure that the putative Class is adequately and fairly represented.  As alleged in the original Complaint, with no change proposed here, the putative Class consists of:

> All consumers within the meaning of H.R.S. Chapter 480 who owned real property in Hawaiʻi and who were subjected to a notice of foreclosure sale under H.R.S. § 667-5 prepared by Derek Wong or the law firm of Routh Crabtree & Olson by or on behalf of Defendant PNC (or NCB before its merger with PNC) claiming for PNC or NCB the rights of a mortgagee with a power of sale and as to whose property Defendant PNC or NCB thereby caused the sale or transfer of the property on or after September 9, 2009.

The proposed FAC also adds the following Subclasses within the Class:

Subclass ("*Subclass A*") consisting of:

all members of the Class whose non-judicial auction sale was not held on both the date and location specified in the original published notice (i.e., either or both the date and/or location were changed), without one or more of the following conditions being satisfied (a) publication of the notice of the changed date or location in three successive weeks; (b) publication of a notice stating the new date and time for the sale at least 29 days after the first publication of such notice.[3]

At least half of all members of the Class fall into Subclass "A".

Subclass "B" ("*Subclass B*") consisting of:

All members of the Class whose Notice of Sale was published or posted for less time before the proposed auction date than required for such publishing or posting by HRS Chapter 667, Part I.

At least 14 properties of members of the Class fall into Subclass "B".

Subclass "C" ("*Subclass C*") consisting of:

All members of the Class whose Notice of Sale contained no "description" of the property within the meaning of HRS Section 667-7(a)(1) or only a "metes and bounds" or square footage description of the land.

Plaintiff believes and on information and belief alleges that the vast majority, if not

all, of members of the Class fall into Subclass "C".

---

[3] The original Complaint alleged a similar Subclass A, defined slightly more narrowly, but subsequent research ascertained that a number of class members had the auction *location* changed without a new publication.  The original Subclass A in the Complaint was defined as "All members of the Class whose non-judicial auction sale was not held at a date and time specified in any published notice."

As alleged in the proposed FAC, the Kaiamas are members of all Subclasses and will help ensure that both the Class and Subclasses are all fairly and adequately represented.

### B.    Proposed Additional Factual Allegations

The proposed FAC also seeks to add additional particularized factual allegations to illustrate in greater detail the manner in which PNC intentionally, knowingly, recklessly, and/or with conscious disregard for Plaintiffs' rights, created a non-judicial foreclosure system whose combined and cumulative effect substantially reduced competition between the Bank and bidders at non-judicial auctions for the purpose of allowing PNC to (a) purchase foreclosure properties cheaply on "credit bid," with no or minimal competition from prospective third-party bidders, for later resale at higher prices and/or (b) to earn additional fees and profits beyond its ordinary servicing fees.

## III.    LEGAL STANDARD

Plaintiff seeks leave to amend the Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(2), which provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires.***

FRCP R. 15(a)(2) (emphasis added). The Rule "is to be applied with extreme liberality" in favor of permitting amendments (*see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050 (9th Cir. 2003)):

9

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.*—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.   The Relief Sought Should Be Granted in Light of the Liberal Standard for Permitting Amendments.

In light of *Foman*, the Ninth Circuit identifies "five factors to be considered in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 845 (9th Cir. 2014) (quotations omitted). Because none of those factors is present here, the Motion should be granted.

### B.   The Proposed Amendments Will Not Prejudice PNC.

"Prejudice is the 'touchstone of the inquiry under [R]ule 15(a)'" and "carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Because the standard is "***undue*** prejudice to the opposing party" (*Foman*, 371 U.S. at 182 (emph. added)), leave to amend may be denied if the new claim would:

(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

*Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'"  *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

PNC "bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  That burden cannot be met here with respect to the Kaiamas, the additional Subclasses, or the new factual allegations.  Regarding the Kaiamas, the factual allegations underlying the UDAP, UMOC, and Wrongful Foreclosure claims are nearly identical to those supporting Plaintiff Fergerstrom's claims alleged in the original Complaint, as those claims still turn on PNC's violations of HRS §§ 667-5 *et seq.* (2008), and its breaches of the power of sale in Plaintiffs' mortgages, Hawaii's common law on wrongful foreclosure, and Hawaii's consumer protection statutory scheme.

Given the factual overlap, the proposed amendments will not "greatly alter[] the nature of the litigation" or compel PNC to mount "an entirely new course of defense." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  For similar reasons, neither the addition of plaintiffs nor the factual allegations will not "require [PNC] to expend significant additional resources to conduct discovery and prepare for trial." *See Block*, 988 F.2d at 350.  Rather, PNC "should be fully prepared to litigate the substantive issues"

touched by both the Complaint and the FAC inasmuch as "[t]he operative facts remain the same[.]" *See Hurn*, 648 F.2d at 1254.

Moreover, the original Complaint "gave [PNC] fair notice of the [additional] facts supporting" the new subclasses and more detailed factual allegations about PNC's overall non-judicial foreclosure system (*see Hall v. City of L.A.*, 697 F.3d 1059, 1073 (9th Cir. 2012)), because Plaintiff's Complaint plausibly alleged that a number of PNC's alleged foreclosure practices caused Plaintiff Fergerstrom and other Class members to wrongfully lose their homes and prematurely deprived them of possession. *See In re Gibbs*, 522 B.R. at 294-295 (discussing Complaint).

Further, allowance of the proposed amendments will expose no "specific shortcomings in [the] discovery" PNC has already conducted (*see Hurn*, 648 F.2d at 1254), or demand "significant additional resources to conduct discovery and prepare for trial." *See Block*, 988 F.2d at 350. And because the discovery deadline under the current Scheduling Order is still five months away, PNC cannot argue that it is "impaired [in] its ability to defend against the suit or . . . unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would [otherwise] have offered[.]" *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006).

**C.     The Proposed Amendments Are Not Futile.**

The next *Foman* factor is "futility of amendment." "[A] proposed

amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997).  Here, "futility" cannot be shown because (a) the statute of limitations for the Proposed Plaintiffs was tolled as of the filing of the Complaint and thus allows relation back[4], and (b) the substantive amendments relate back to the date of the original Complaint.

### D.    None of the Other *Foman* Factors is Present.

The remaining *Foman* factors are bad faith, undue delay, and repeated attempts at amendment. *United Bhd. of Carpenters*, 770 F.3d at 845. Preliminarily, "[a]bsent prejudice, or a ***strong showing*** of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis added). Here, the remaining *Foman* factors are either absent (Plaintiff, having defeated PNC's Rule 12(b)(6) motion, has not repeatedly sought leave to amend), or lack the heft necessary to overcome the "extreme liberality" of Rule 15(a)'s application. *See Eminence Capital*, 316 F.3d at 1051. Put simply, PNC cannot mount a "strong showing" of either "bad faith" or "undue delay" because Plaintiff's proposed new claims and factual allegations are "not frivolous" (*see Eminence Capital*, 316 F.3d

---

[4] *See, e.g. Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). Moreover, and even more significantly, permissive joinder of the Proposed Plaintiffs

is proper, as discussed below.

at 1053 (bad faith)), and are offered within the deadline to amend the Complaint (undue delay). *Cf. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (undue delay where motion to amend filed after stipulated deadline to amend pleadings).

## IV.  PERMISSIVE JOINDER OF THE PROPOSED ADDITIONAL PLAINTIFFS IS PROPER UNDER FRCP RULE 20(a)

Joinder herein by the Kaiamas is proper because they assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," that is, the conduct of PNC that culminated in the wrongful and unfair or deceptive foreclosure of Plaintiffs' homes. FRCP Rule 20(a).  As set forth in the Complaint and in the proposed FAC, several common legal and factual questions will arise in this case.  *See, e.g.* Exhibit "B" at ¶16 *et seq.*

## V.  PERMITTING THE PROPOSED FACWOULD BE CONSISTENT WITH THE COURT'S ORDER IN *BALD V. WELLS FARGO*, CIVIL NO. 13-00135.

On November 20, 2017, the Honorable Kevin S.C. Chang issued an *Order Granting Plaintiffs' Motion for Leave to File First Amended Complaint* in the class action matter *Bald v. Wells Fargo Bank, N.A*, a copy of which is attached as Exhibit "D".  By that Order, the Court granted Plaintiff Bald leave to make amendments that are substantially similar to those which Plaintiff Fergerstrom seeks to make here.[5]

---

[5] A similar motion remains under advisement and stayed without decision in *Degamo v. Bank of America, N.A.*, CV 13-00141 DKW-KJM.  A similar motion has

14

## VI.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that *Plaintiff's Motion for Leave to File First Amended Complaint* should be GRANTED.

DATED:  Honolulu, Hawaii, March 30, 2018.

/s/ *James J. Bickerton*
JOHN F. PERKIN
JAMES J. BICKERTON
STANLEY H. ROEHRIG
VAN-ALAN SHIMA
BRIDGET G. MORGAN

Attorneys for Plaintiff

been filed in *Lima v. Deutsche Bank National Trust Co.*, CV 12-1-00509 SOM-RLP on March 16, 2018 but has not yet been fully briefed by the parties.

## <u>DECLARATION OF JAMES J. BICKERTON</u>

I, JAMES J. BICKERTON, do hereby state and declare as follows:

1.      I am licensed to practice law in the State of Hawaii and am one of the attorneys for Plaintiff WAYNE FERGERSTROM, individually and on behalf of those similarly situated ("Plaintiff").

2.      I make this declaration based on my personal knowledge and am competent to testify to the matters set forth herein.

3.      Attached as <u>Exhibit "A"</u> is a true and accurate copy of the proposed First Amended Complaint ("FAC"), with Ramseyer formatting to show new material.

4.      Attached as <u>Exhibit "B"</u> is a true and accurate copy of the FAC without Ramseyer Formatting.

5.      Attached as <u>Exhibit "C"</u> is a true and accurate copy of the original Complaint.

6.      Attached as <u>Exhibit "D"</u> is a true and accurate copy of the Court's *Order Granting Plaintiff's Motion for Leave to File First Amended Complaint,* filed on November 20, 2017 in the matter *Bald v. Wells Fargo, N.A.*, Civil No. 13-00135.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

DATED:  Honolulu, Hawaii, March 30, 2018.

/s/ *James J. Bickerton*
JAMES J. BICKERTON